UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 11-36-DCR |
| V. | ) ) | |
| STEVE HARRIS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff State Farm Fire and Casualty Company ("State Farm") filed this action seeking a declaratory judgment that it is not obligated to defend or indemnify Defendant Steve Harris in a lawsuit filed against him by Stephanie Scheel and MRW Holdings, Inc.  That case (the "underlying litigation"), which is also currently pending before the Court, involves allegations of defamation and conspiracy against Harris and another defendant.[1]  *See Scheel v. Harris*, No. 3:11-cv-17-DCR (E.D. Ky. 2011).  According to State Farm, the claims asserted against Harris in the underlying litigation are not covered by the Personal Liability Umbrella Policy (PLUP) it issued to him.  The PLUP provides, in relevant part:

**COVERAGE L – PERSONAL LIABILITY**

---

[1]  Scheel and MRW Holdings were named as defendants in this action but were dismissed by stipulation after agreeing that any decision reached herein as to State Farm's coverage obligations would be binding in the underlying litigation.  [*See* Record No. 7.]

-1-

> If a claim is made or a suit is brought against an insured for damages because of a loss for which the insured is legally liable and to which this policy applies, we will pay on behalf of the insured, the damages that exceed the retained limit. . . .
>
> **Defense**
> If a suit is brought against any insured for damages because of a loss to which this policy applies, we will provide a defense to the insured at our expense by counsel of our choice when the basis for the suit is a loss that is not covered by any other insurance policy but is covered by this policy.

[Record No. 1-4, p. 14] "Loss" is defined to include "the commission of an offense which first results in personal injury during the policy period." [*Id.*, p. 10 ¶ 7.b] The PLUP further provides that "libel, slander, [and] defamation of character" constitute personal injury. [*Id.* ¶ 8.c] Expressly excluded from coverage, however, are "loss[es] arising out of . . . business pursuits of any insured" [*Id.*, p. 15 ¶ 6], as well as any "personal injury when the insured acts with specific intent to cause any harm."[2] [*Id.*, p. 17 ¶ 17]

In its Complaint, State Farm asks the Court to declare that the claims asserted in the underlying litigation fall within the "business pursuits" and "intentional act" exclusions to the PLUP. [Record No. 1, p. 7] Harris, however, maintains that the Court should decline to exercise jurisdiction in this matter. [Record No. 4] His argument is easily summarized, as all but six sentences (out of seven pages) are lifted — without attribution — directly from the Court's recent decision in *Auto-Owners Insurance Co. v. King*, No. 3:10-cv-59-DCR, 2011 U.S. Dist. LEXIS 54359 (E.D. Ky. May 19, 2011).[3] *Compare id.* at *3-17 *with* Record No. 4-1, pp. 3-9.

---

[2] The "business pursuits" exclusion is subject to certain exceptions that the parties do not contend are relevant here.

[3] It should go without saying that such plagiarism is "completely unacceptable." *United States v. Bowen*, 194 F. App'x 393, 402 n.3 (6th Cir. 2006). "While our legal system stands upon the building blocks of precedent, necessitating some amount of quotation or paraphrasing, citation

In *Auto-Owners*, this Court analyzed five factors — known as the "*Grand Trunk* factors" — used in the Sixth Circuit to determine when jurisdiction is appropriate under the Declaratory Judgment Act. *See* 2011 U.S. Dist. LEXIS 54359, at *4-17. Those factors, first set out in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984), are as follows:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 346 (internal quotation marks omitted).

The first and second factors are generally considered together. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 557 (6th Cir. 2008). There is, however, a split of authority within the Sixth Circuit regarding how the first two factors apply in the context of a declaratory action concerning an insurance coverage dispute. *Id.* at 555. In one line of cases, courts have held these factors to be satisfied because a declaratory action settles the controversy and clarifies legal relations between the insurance company and its insured. *Id.* at 555, 557. In the other, courts have concluded that, "while declaratory relief might clarify the legal relationship between the insurer and insured, it does not ultimately settle the controversy" or clarify legal relations among the parties to the underlying litigation. *Auto-Owners*, 2011 U.S. Dist. LEXIS 54359, at *6

---

to authority is absolutely required when language is borrowed." *Id.*

(citing *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007)); *see id.* at *8.

> Harris argues that the first two *Grand Trunk* factors weigh in his favor because
>
> [t]his case has just begun.  No discovery has taken place.  The underlying facts in the underlying case are not established.  In fact, State Farm seeks denial of coverage based upon a "business pursuits" exemption and "intentional act" exclusion, both of which are questions of fact to be determined and will be proven to not apply [sic] in the underlying action.

[Record No. 4-1, pp. 5-6]  Borrowing the Court's language from *Auto-Owners*, he continues: "A ruling in this action could subject the Defendant, Harris, to conflicting rulings and premature rulings on questions of fact that are important in each case. . . . [T]he Court could, at best, settle a very limited issue within a much broader, ongoing dispute."  [*Id.*]  *See* 2011 U.S. Dist. LEXIS 54359, at *9.

But Harris does not explain what any such conflicting and premature rulings might be.  The PLUP provides that State Farm is obligated to defend Harris "when the basis for the suit is a loss that . . . is covered by th[e] policy."  [Record No. 1-4, p. 14]  Whether the plaintiffs in the underlying litigation allege a loss covered by the PLUP is a question that can be answered by reference to the complaint.  In other words, while Harris' intent is an element of the defamation and conspiracy claims, a finding that the underlying litigation relates to intentional acts would not require the Court to determine whether Harris acted with the requisite intent.  *Cf. Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807 (6th Cir. 2004) (finding exercise of jurisdiction improper where employment status of plaintiff in underlying litigation was central issue in federal declaratory judgment action and two underlying state proceedings); *Omaha Prop. & Cas.*

*Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) (expressing concern that "similar factual issues concerning liability and coverage will be resolved inconsistently" in declaratory and underlying actions).  Nor is a finding regarding "business pursuits" necessary to resolution of the underlying litigation.  Harris' concern about premature or conflicting rulings is therefore unfounded.

Moreover, any risk of inconsistent rulings is alleviated by the fact that the plaintiffs in the underlying litigation have agreed to be bound by the Court's decision with respect to insurance coverage.  [*See* Record No. 7 (Stipulation of Dismissal of Defendants Stephanie Scheel and MRW Holdings, Inc. Without Prejudice).]  Thus, this action is distinguishable from several cases in which the Sixth Circuit found the first two *Grand Trunk* factors lacking.  For example, in *Travelers*, the Sixth Circuit was concerned that "parties who may be potentially affected by the [declaratory] judgment, including the [plaintiffs in the underlying litigation], were not joined in the federal district court actions and are not parties now."  495 F.3d at 272.  Because any declaratory judgment would not have been binding on those non-parties, the court found that the first two factors were not satisfied.  *Id.*  Likewise, in *Bituminous*, the court concluded that neither of the first two factors was met because the plaintiff in the underlying action had not been made a party to the declaratory judgment action and thus would not be

bound by the federal court's decision.[4]  *See* 373 F.3d at 814; *see also U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. App'x 562, 564-65 (6th Cir. 2006).

Regarding the third *Grand Trunk* factor, Harris does not assert that State Farm is attempting to engage in a "race for res judicata."  746 F.2d at 346.  As the Court noted in *Auto-Owners*, "[a]n improper motive will not be imputed without evidence of such in the record."  2011 U.S. Dist. LEXIS 54359, at *10 (citing *Travelers*, 495 F.3d at 272).  Accordingly, this factor also indicates that the Court may properly exercise jurisdiction.

Under the fourth factor, the Court is concerned with the possibility of interference in matters best left to state courts.  The Sixth Circuit has identified three sub-factors to consider:

(1)    whether the underlying factual issues are important to an informed resolution of the case;

(2)    whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(3)    whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).  As explained above, there is little overlap between the factual issues presented in the underlying litigation and the instant action.  The first sub-factor, therefore, favors the Court's jurisdiction.

---

[4] Significantly, each of these cases — like most of the cases cited in this opinion — involved one or more underlying state actions.  *See, e.g.*, *Bituminous*, 373 F.3d at 814 (federal court's declaration as to employment status of plaintiff in underlying actions conflicted with two state court findings on the same issue).  Here, by contrast, State Farm filed its declaratory judgment action in the same court where the underlying litigation was pending.

Furthermore, although the interpretation of insurance contracts is a "question[] of state law with which the Kentucky state courts are more familiar and, therefore, better able to resolve," *id.* at 815, "not all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them." *Flowers*, 513 F.3d at 561. This case does not present a novel question of state law. As State Farm points out, in *Eyler v. Nationwide Mutual Fire Insurance Co.*, 824 S.W.2d 855, 859 (Ky. 1992), the Kentucky Supreme Court adopted a two-part test for determining whether an activity constitutes a business pursuit under an insurance policy. *Cf. Travelers*, 495 F.3d at 272 ("[I]t appears that the issue has not been squarely resolved under Kentucky law."); *Bituminous*, 373 F.3d at 815 ("[R]esolution of the insurance controversy in this case requires a ruling on previously undetermined questions of state law."). The Sixth Circuit has noted that this sub-factor is of less importance "when the state law is clear and when the state court is not considering the issues." *Flowers*, 513 F.3d at 560. "In particular," the *Flowers* court observed, "when an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the district court on these issues would not offend principles of comity.'" *Id.* (alterations and omission in original) (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). In this case, not only is there no state court considering the same issues, there is no underlying state action. Thus, Kentucky's interest and expertise in questions of insurance coverage do not weigh heavily here.

With respect to alternative remedies, Harris suggests that State Farm could seek declaratory relief in state court pursuant to section 418.040 of the Kentucky Revised Statutes or

file an indemnity action after the underlying litigation has ended.  [Record No. 4-1, p. 8]  But he offers no reason why either alternative would be superior to, or more effective than, the present action.  Moreover, as Harris acknowledges (again quoting *Auto-Owners* without citation), there is conflicting authority within the Sixth Circuit regarding the relative merits of federal suits for declaratory judgment and state declaratory or indemnity actions.  [*Id.*, p. 9]  *See Auto-Owners*, 2011 U.S. Dist. LEXIS 54359, at *16.  To the extent the Sixth Circuit has found value in a plaintiff "present[ing] its case to the same court that will decide the underlying tort action," *Bituminous*, 373 F.3d at 816, the fifth factor weighs in favor of exercising jurisdiction here, since the underlying litigation is also pending before this Court.

In summary, the *Grand Trunk* factors indicate that the Court may properly exercise jurisdiction over this declaratory judgment action.  Accordingly, it is hereby

**ORDERED** that Defendant Steve Harris' Motion to Dismiss Without Prejudice [Record No. 4] is **DENIED**.

This 15th day of March, 2012.



Signed By:

*Danny C. Reeves*

United States District Judge

-8-